UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2009 (EBB) |
| | : | |
| $662,310.79 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100080907, HELD IN THE NAME OF CREDIT SERVICES, INC., AT THE FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : : : : : : : : | ANSWER AND COUNTER CLAIM OF COMMISSIONER CARROLL FISHER, AS RECEIVER OF FARMERS AND RANCHERS LIFE INSURANCE COMPANY |
| $146,000.00 AND $3,315.57 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : : : : : : | |
| $185,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NO. 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : : : : : : | August 20, 2004 |
| $149,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : : : : : : | |
| Defendants. | : | |

COMES NOW, Carroll Fisher, as Receiver of Farmers and Ranchers Life Insurance Company (hereinafter "Claimant"), by and through counsel, and files (1) this Answer and Defenses to the United States of America's Verified Complaint for Forfeiture *In Rem* against

properties known as $662,310.79 in United States Currency seized from Account Number 100080907, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $146,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $185,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $149,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; and a (2) Claim *In Rem* and (3) Counterclaim against the United States of America for title and possession of the Defendant Properties.

1. Claimant ADMITS the allegations as set forth in paragraph 1 of the Verified Complaint. By way of further pleading, Claimant asserts that, pursuant to 18 U.S.C. § 983(d), the Defendant Properties should not be forfeited.

2. Claimant ADMITS the allegations as set forth in paragraph 2 of the Verified Complaint.

3. Claimant ADMITS the allegations as set forth in paragraph 3 of the Verified Complaint.

**JURISDICTION AND VENUE**

4. Claimant ADMITS the allegations as set forth in paragraph 4 of the Verified Complaint.

5. Claimant ADMITS allegations as set forth in paragraph 5 of the Verified Complaint.

## BACKGROUND OF INVESTIGATION

6. Claimant ADMITS the allegations as set forth in paragraph 6 of the Verified Complaint.

7. Claimant ADMITS the allegations as set forth in paragraph 7 of the Verified Complaint.

8. Claimant ADMITS the allegations as set forth in paragraph 8 of the Verified Complaint.

9. Claimant ADMITS the allegations as set forth in paragraph 9 of the Verified Complaint.

10. Claimant ADMITS the allegations as set forth in paragraph 10 of the Verified Complaint. By way of further pleading, Claimant asserts that she has filed a Verified Claim in, and an Answer and Counterclaim to, the civil forfeiture action identified in this paragraph.

11. Claimant ADMITS the allegations as set forth in paragraph 11 of the Verified Complaint.

12. Claimant ADMITS the allegations as set forth in paragraph 12 of the Verified Complaint.

13. Claimant ADMITS the allegations as set forth in paragraph 13 of the Verified Complaint.

14. Claimant ADMITS the allegations as set forth in paragraph 14 of the Verified Complaint.

15. Claimant ADMITS the allegations as set forth in paragraph 15 of the Verified Complaint.

16. Claimant ADMITS the allegations as set forth in paragraph 16 of the Verified Complaint.

17. Claimant ADMITS the allegations as set forth in paragraph 17 of the Verified Complaint.

18. Claimant ADMITS the allegations as set forth in paragraph 18 of the Verified Complaint.

19. Claimant ADMITS the allegations as set forth in paragraph 19 of the Verified Complaint.

20. Claimant ADMITS the allegations as set forth in paragraph 20 of the Verified Complaint.

21. Claimant ADMITS the allegations as set forth in paragraph 21 of the Verified Complaint.

22. Claimant ADMITS the allegations as set forth in paragraph 22 of the Verified Complaint.

23. Claimant ADMITS the allegations as set forth in paragraph 23 of the Verified Complaint.

24. Claimant ADMITS the allegations as set forth in paragraph 24 of the Verified Complaint.

25. Claimant ADMITS the allegations as set forth in paragraph 25 of the Verified Complaint.

26. Claimant ADMITS the allegations as set forth in paragraph 26 of the Verified Complaint.

27. Claimant ADMITS the allegations as set forth in paragraph 27 of the Verified Complaint.

**INVESTIGATION OF FRAUDULENT SCHEME OF MARTIN FRANKEL**

28. In response to paragraph 28, Claimant ADMITS that on Monday, May 10, 1999, representatives including attorneys acting on behalf of certain insurance company affiliates of FAC communicated with personnel in the United States Attorney's Office and informed them that they had several hundred million dollars on account in the name of FNLIC, that they believed the account was under the control of Liberty National Securities, Inc., and that they believed a portion of the money had been provided by an entity called the St. Francis of Assisi Foundation. Claimant DENIES that FNLIC was a wholly-owned subsidiary of FAC, but ADMITS it was an insurance company affiliate of FAC. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

29. Claimant ADMITS the allegations as set forth in paragraph 29 of the Verified Complaint.

30. In response to paragraph 30, Claimant ADMITS that on or about April 29, 1999, Mississippi insurance regulators directed the Mississippi insurance company affiliates of FAC to transfer to a Mississippi depository institution all holdings believed at that time to be held with Liberty National Securities, Inc. Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore DENIES the same.

31. In response to paragraph 31, Claimant ADMITS that, to date, neither FAC nor its insurance company affiliates have received this money. Claimant DENIES that persons in control of FAC and its insurance company affiliates prior to May 10, 1999, including John Hackney, Gary Atnip and John Jordan, believed these monies were on deposit with Liberty National Securities, Inc., further stating that such individuals knew and understood that this

money was under the exclusive control of Martin Frankel, who had unlawfully converted it. Claimant ADMITS that Martin Frankel and his employees at 889 Lake Avenue and other associates of Frankel absconded with these funds. Claimant ADMITS, on information and belief, that directions from insurance regulators requiring the return of these funds, in part, prompted Frankel's hasty departure from the premises at 889 Lane Avenue. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

32. Claimant ADMITS the allegations as set forth in paragraph 32 of the Verified Complaint.

33. Claimant ADMITS the allegations as set forth in paragraph 33 of the Verified Complaint.

34. Claimant ADMITS the allegations as set forth in paragraph 34 of the Verified Complaint.

35. Claimant ADMITS the allegations as set forth in paragraph 35 of the Verified Complaint.

36. In response to paragraph 36, Claimant ADMITS that FAC's and IFC's affiliate insurance companies in Mississippi, Tennessee, Oklahoma and Missouri have been placed in receivership by the state courts, upon application of insurance regulators, in those states. Claimant ADMITS that IFC was a holding company and that its insurance company subsidiaries had been caused to transfer assets to Martin Frankel's control. Claimant ADMITS that Mississippi insurance regulators and Special Agents of the FBI and IRS CI talked to FAC and IFC officials. Claimant ADMITS that FAC and IFC officials stated, among other things, as follows: since 1991, FAC, IFC and their subsidiaries had transferred a substantial amount of

their liquid assets and insurance policy proceeds (up to 90 percent of the liquid assets of each company), to Liberty National Securities, Inc., 405 Tarrytown Road, Suite 212, White Plains, New York, with the understanding that Liberty National Securities, Inc., on behalf of the insurance companies, would invest these funds in United States Treasury Notes and other government securities. Claimant DENIES that persons in control of FAC, IFC and its subsidiaries, including John Hackney, Gary Atnip and John Jordan, believed these assets had been transferred to Liberty National Securities, Inc. at 405 Tarrytown Road, Suite 212, White Plains, New York, and DENIES that such persons understood the assets would be invested on behalf of the insurance companies in United States Treasury Notes and other government securities, further stating that such persons knew and understood that this money was under the exclusive control of Martin Frankel, who had unlawfully converted it. Claimant ADMITS that certain documents purporting to be "custodial agreements" between a number of the insurance companies and Liberty National Securities, Inc. have been identified, and ADMITS the remaining allegations of the final sentence of this paragraph. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

37.     In response to paragraph 37, Claimant ADMITS the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, those subsidiaries were caused to transfer in excess of $161 million to the control of Martin Frankel. Claimant further ADMITS that the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, IFC's Missouri and Oklahoma insurance company subsidiaries had transferred as much as $117 million and $12.6 million, respectively, to the control of Martin Frankel. Claimant ADMITS these transfers involved the use of, among

others, accounts at Dreyfus Service Corp. and Prudential Securities, Inc., but DENIES those accounts were controlled by Liberty National Securities, Inc., further stating that such accounts were at all times controlled by Martin Frankel.  Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

38.   In response to paragraph 38, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the conduct of Virginia insurance regulators and therefore DENIES the same.  Claimant ADMITS that the FNLIC receiver determined that, on or about April 9, 1999, pursuant to a reinsurance agreement between Settlers Life Insurance Company of Bristol, Virginia ("Settlers") and FNLIC, Settlers transferred to FNLIC over $44 million by wiring it to FNLIC's account at First Tennessee Bank.  Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning wire instructions written by Settlers' CEO and therefore DENIES the same.  Claimant ADMITS that, after receipt into FNLIC's First Tennessee account of the funds from Settlers, FNLIC was caused to transfer $44,975,000 of its funds to account 719_0791438435 in the name of "FNL Co. of America Rec. Acct." (the "FNLIC Dreyfus Account"), which account was under the control of Martin Frankel.  Claimant ADMITS that on or about April 12, 1999, Martin Frankel caused $44,812,640.49 of FNLIC's funds to be wire transferred from the FNLIC Dreyfus Account to an account he controlled at Banque SCS Alliance in Geneva, Switzerland, Number 70026, in the name of Bloomfield Investments, Ltd.  Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

39.   Claimant ADMITS the allegations as set forth in paragraph 39 of the Verified Complaint.

40. Claimant ADMITS the allegations as set forth in paragraph 40 of the Verified Complaint.

41. Claimant ADMITS the allegations as set forth in paragraph 41 of the Verified Complaint. By way of further response, Claimant asserts that these allegations support the application of 18 U.S.C. § 983(d).

### TRANSFER OF FRAUD PROCEEDS TO THE ACCOUNT OF FRANKLIN CREDIT SERVICES, INC.

42. Claimant ADMITS that John Hackney directed the formation of Franklin American Services, Inc. ("FCS"). Claimant is without sufficient knowledge or information to either admit or deny the mechanism of funding FCS other than to state it was funded with monies of the Claimant Insurance Companies. Claimant ADMITS the remainder of the allegations as set forth in paragraph 42 of the Verified Complaint.

43. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 43 of the Verified Complaint.

44. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 44 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

45. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 45 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

46. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 46 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

47. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 47 of the Verified Complaint.

48. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 48 of the Verified Complaint.

49. Claimant ADMITS the allegations as set forth in paragraph 49 of the Verified Complaint.

50. Claimant ADMITS the allegations as set forth in paragraph 50 of the Verified Complaint.

51. Claimant ADMITS the allegations as set forth in paragraph 51 of the Verified Complaint.

52. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 52 of the Verified Complaint other than to ADMIT that on March 23, 2001, the Internal Revenue service seized $185,000.00 from Account Number 100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

53. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 53 of the Verified Complaint other than to ADMIT that on April 15, 2004, the Internal Revenue Service seized $149,000.00 from Account Number

100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

54. Claimant ADMITS the allegations as set forth in paragraph 54 of the Verified Complaint. By way of further pleading, Claimant asserts that the defense available in 18 U.S.C. § 1983(b) requires that the Defendant Properties not be forfeited to the United States, but rather transferred to Claimant in his capacity as Receiver and Liquidator for the estate of Farmers and Ranchers Life Insurance Company.

55. Responding to the unnumbered paragraph beginning with "WHEREFORE," Claimant DENIES that the Defendant Properties should be forfeited to the United States. By way of further pleading, Claimant asserts that as an innocent owner of the Defendant Properties, she is entitled to all rights, title, and possession of the Defendant Properties in his capacity as Receiver for Farmers and Ranchers Life Insurance Company.

## AFFIRMATIVE DEFENSES

Claimant realleges and restates paragraphs 1 through 55 above.

### First Affirmative Defense

Defendant Properties were unlawfully transferred, converted, and/or stolen from Farmers and Ranchers Life Insurance Company, without the knowledge of Claimant. Since Claimant has a recognizable legal and/or equitable interest in the Defendant Properties and since Claimant was ignorant of the conduct that gave rise to this civil action, Claimant is an innocent owner of the Defendant Properties. Pursuant to 18 U.S.C. §983(d), Defendant Properties may not be forfeited, and all right, title, and interest in and possession of the Properties must be granted to Claimant.

**Second Affirmative Defense**

Plaintiff's Verified Complaint fails to state a cause of action for which relief may be granted by law.

**Third Affirmative Defense**

By virtue of the Orders described above, and the Oklahoma Insurers Rehabilitation and Liquidation Act, Commissioner Fisher was vested with title to the Defendant Properties, and/or equitable and *de facto* liens to these Properties in favor of Claimant existed prior to its seizure by the Government. Accordingly, Commissioner Fisher is entitled to ownership and possession of the Defendant Properties.

**Fourth Affirmative Defense**

The Liquidation Order as described in paragraph above, is a final order, entitled to full faith and credit in this Court pursuant 28 U.S.C. § 1738.

**Fifth Affirmative Defense**

The federal forfeiture statutes relied upon by the United States are pre-empted in this instance by the McCarran-Ferguson Act, 15 U.S.C. § 1011, et seq., and by the Oklahoma Insurers Rehabilitation and Liquidation Act, 36 O.S. §§1901 et seq. The claims of the United States to Properties and assets of the F & R estate are subordinate to claims under insurance policies and claims of affected guaranty associations. *See* Title 36 Okla. Stat. Ann. § 1927.1.

**Sixth Affirmative Defense**

Commissioner Fisher is the owner of the Defendant Properties. Forfeiture actions are fines that are punishment for an offense and are subject to the Eighth Amendment's protection against excessive punishment. Commissioner Fisher has committed no offense. Any forfeiture of the Defendant Properties to the federal government will punish Commissioner Fisher and those parties to whom he owes a statutory and fiduciary duty -- including policyholders,

creditors, and the general public -- for a crime that neither Commissioner Fisher, nor those to whom he owes a statutory and fiduciary duty, committed.

### Seventh Affirmative Defense

The forfeiture claim asserted in the Verified Complaint is penal in nature; however, the federal government has no criminal claims to assert against Commissioner Fisher and therefore has no interest in the Properties as against Commissioner Fisher.

### Eighth Affirmative Defense

The Defendant Properties consist of monies and/or assets that were unlawfully transferred, converted, and/or stolen from Farmers and Ranchers Life Insurance Company, or were purchased in whole or in part with such monies and/or assets, or are the proceeds of the sale of such assets. The illegal activity alleged by the United States occurred without the knowledge or consent of this Claimant, and was discovered essentially simultaneously by law enforcement agencies and Claimant. Upon discovery of the illegal activity, Claimant took all reasonable steps available to him, to terminate the use of the Properties by Frankel or others, and gave notice to, and/or consulted with law enforcement agencies already aware of the illegal activity, to discourage or prevent the further illegal use of the Properties, Claimant is therefore an innocent owner of the Defendant Properties and pursuant to 18 U.S.C. § 983(d), the Defendant Properties may not be forfeited and all right, title, and pursuant to 18 U.S.C.A. §983, possession and title must be granted to this Claimant.

### CLAIM *IN REM* AND COUNTERCLAIM FOR TITLE AND POSSESSION AGAINST THE UNITED STATES OF AMERICA

WHEREFORE, having fully responded to the Verified Complaint and having previously filed a Verified Claim to the Verified Complaint (which is incorporated herein by reference),

Claimant hereby asserts and gives notice of his Claim *In Rem* against the Defendant Properties and all persons claiming an interest therein, and Counterclaim against the United States of America for title and possession of the Defendant Properties herein, and avers as follows:

1) Franklin American Life Insurance Company is a life insurance company domiciled in the State of Tennessee and currently is in liquidation. First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company are life insurance companies domiciled in the State of Mississippi and currently are in liquidation. Farmers and Ranchers Life Insurance Company is a life insurance company domiciled in the State of Oklahoma and currently is in liquidation. Old Southwest Life Insurance Company is a life insurance company domiciled in the State of Arkansas and currently is in rehabilitation. International Financial Services Life Insurance Company is a life insurance company domiciled in the State of Missouri and currently is in liquidation. These companies are hereinafter referred to collectively as the "Insurance Companies."

2) As a result of the fraudulent activities of Martin Frankel and others, each of the Insurance Companies was placed under court-ordered rehabilitation or liquidation in 1999 by their respective state insurance departments. The court-appointed receivers for each of the Insurance Companies are statutorily vested with title to the assets of their respective companies, and each has an affirmative legal duty to locate and marshal the assets of their respective insurance companies and to take steps as necessary to recover such assets. The Defendant Properties constitute assets of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers[1] because they were unlawfully transferred, converted, and/or stolen from

---

[1] The "Insurance Company Liquidators/Receivers" are Scott B. Lakin (as Liquidator of International Financial Services Life Insurance Company), George Dale (as Liquidator of First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company), Carroll Fisher (as Receiver of Farmers and Ranchers Life Insurance Company), Paula A. Flowers (as Receiver and

Franklin American Life Insurance Company and/or one or more of the other Insurance Companies, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from Franklin American Life Insurance Company and/or one or more of the other Insurance Companies.

## COUNT I
## (CONSTRUCTIVE TRUST)

3) Claimant incorporates the allegations of paragraphs 1 and 2 above as if fully set forth herein.

4) The Defendant Properties has been seized and the United States of America is presently in possession of the Defendant Properties.

5) The Defendant Properties constitute assets of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as such were unlawfully transferred, converted, and/or stolen from Franklin American and/or one or more of the other Insurance Companies for which the Insurance Company Liquidators/Receivers were appointed, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from Franklin American and/or one or more of the other Insurance Companies for which the Insurance Company Liquidators/Receivers were appointed.

6) The Defendant Properties were acquired under circumstances such that it would be inequitable and against good conscience not to transfer title of the Defendant Properties to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers. Claimant and/or one or more of the other Insurance Company Liquidator/Receivers are beneficially entitled to legal title to, and possession of, the Defendant Properties. Title to and possession of

---

Liquidator of Franklin America Life Insurance Company), and Mike Pickens (as Receiver of Old Southwest Life Insurance Company).

the Defendant Properties should be conveyed to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as the rightful owners.

7)   This Court should impose or declare a constructive trust over the Defendant Properties and/or quiet title in favor of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as the rightful owners and convey title to Claimant and/or one or more of the other Insurance Company Liquidator/Receivers.

## COUNT II
## (CLAIM FOR TITLE AND POSSESSION/FULL FAITH AND CREDIT)

8)   Claimant incorporates paragraphs 1 through 7 above as if fully set forth herein.

9)   By virtue of the Rehabilitation and Liquidation Orders described above, the Davidson County Chancery Court exercised *in rem* jurisdiction over all Properties and assets of Franklin American Life Insurance Company, which (as demonstrated by the Government's Verified Complaint) includes the Defendant Properties.

10)  The exercise of *in rem* jurisdiction by the Davidson County Chancery Court pre-dates the initiation of this action.

11)  The Liquidation Order of the Davidson County Chancery Court, as well as the orders from the receivership courts in Mississippi, Missouri, Oklahoma, and Arkansas, are final orders which are entitled to full faith and credit pursuant to 28 U.S.C. § 1738.

12)  Under the state law governing each of the Insurance Companies, titles to all of the Insurance Companies' assets are vested in the Insurance Company Liquidators/Receivers by operation of law.  The Defendant Properties are assets of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers and, as such, constitute the money and/or assets, or the proceeds of money and/or assets that were stolen from the Insurance Companies.

WHEREFORE, PREMISES CONSIDERED, Claimant respectfully prays that this Court will:

a. Enter an order declaring Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as rightful owners of the Defendant Properties and award title and possession to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers; and/or

b. Impose or declare a constructive trust over the Defendant Properties and/or quiet title in favor of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as the rightful owners and convey title to Claimant and/or one or more of the other Insurance Company Liquidator/Receivers; and

c. Award Plaintiff his costs in this matter; and

d. Grant such other, further, and additional relief to which the Court finds Claimant and/or one or more of the other Insurance Company Liquidator/Receivers to be entitled.

Respectfully submitted,

/ s / James A. Lenes
Douglas S. Skalka, Fed. Bar 00616
James A. Lenes, Fed Bar. 10408
NEUBERT, PEPE & MONTEITH
195 Church Street, 13th Floor
New Haven, Connecticut 06510
Ph (203) 821-2000
Fx (203) 821-2009

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Ph (615) 244-0020
Fx (615) 251-6661

Counsel for Commissioner Flowers as Receiver of Franklin American Life Insurance Company

Charles G. Copeland (MS Bar #6516)
Rebecca Jordan (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Ph (601) 856-7200
Fx (601) 856-7626

Attorneys for Mississippi Commissioner of Insurance George Dale, as Liquidator for First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company, in Liquidation


Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958

Attorneys for Carroll Fisher, Oklahoma Insurance Commissioner, in his capacity as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation


Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101

Counsel for Arkansas Commissioner Mike Pickens as Receiver of Old Southwest Life Insurance Company


Douglas J. Schmidt                MO # 34266
Patrick A. McInerney              MO # 37638
Blackwell Sanders Peper Martin LLP
2300 Main Street, Suite 1000

Kansas City, Missouri  64108
Ph (816) 983-8000
Fx (816) 983-8080

Attorneys for Scott Lakin, Director of the Missouri Department of Insurance, in his capacity as Receiver of the International Financial Services Life Insurance Company in Rehabilitation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid, to the following individuals on this the 27th day of August, 2004:

David X. Sullivan, Esq.
United States Attorney's Office
P.O. Box 1824
New Haven, CT  06508

Andrew B. Campbell, Esq.
Graham Matherne, Esq.
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue, Suite 1500
Nashville, TN  37203-1423

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Department
1023 West Capitol, Suite 2
Little Rock, AR  72201

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin LLP
2300 Main Street, Suite 1000
Kansas City, MO 64108

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly Avenue
Edmund, OK  73013

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS 39158

/ s / James A. Lenes
Attorney

KC-1212542-1                    19