UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:00CV2009 (EBB) |
| | : | |
| $662,310.79 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100080907, HELD IN THE NAME OF CREDIT SERVICES, INC., AT THE FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : | ANSWER AND COUNTER CLAIM OF COMMISSIONER PAULA A. FLOWERS, AS RECEIVER AND LIQUIDATOR OF FRANKLIN AMERICAN <u>LIFE INSURANCE COMPANY</u> |
| | : | |
| $146,000.00 AND $3,315.57 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : | |
| | : | |
| $185,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NO. 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : | August 20, 2004 |
| | : | |
| $149,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | : | |
| | : | |
| Defendants. | : | |

COMES NOW, Paula A. Flowers, as Receiver and Liquidator of Franklin American Life Insurance Company (hereinafter "Claimant"), by and through counsel, and files (1) this Answer and Defenses to the United States of America's Verified Complaint for Forfeiture *In Rem* against properties known as $662,310.79 in United States Currency seized from Account Number

KC-1212291-1

1

100080907, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $146,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $185,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; $149,000.00 in United States Currency seized from Account Number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin Tennessee; and a (2) Claim *In Rem* and (3) Counterclaim against the United States of America for title and possession of the Defendant Properties.

1. Claimant ADMITS the allegations as set forth in paragraph 1 of the Verified Complaint. By way of further pleading, Claimant asserts that, pursuant to 18 U.S.C. § 983(d), the Defendant Properties should not be forfeited.

2. Claimant ADMITS the allegations as set forth in paragraph 2 of the Verified Complaint.

3. Claimant ADMITS the allegations as set forth in paragraph 3 of the Verified Complaint.

## JURISDICTION AND VENUE

4. Claimant ADMITS the allegations as set forth in paragraph 4 of the Verified Complaint.

5. Claimant ADMITS allegations as set forth in paragraph 5 of the Verified Complaint.

## BACKGROUND OF INVESTIGATION

6. Claimant ADMITS the allegations as set forth in paragraph 6 of the Verified Complaint.

7. Claimant ADMITS the allegations as set forth in paragraph 7 of the Verified Complaint.

8. Claimant ADMITS the allegations as set forth in paragraph 8 of the Verified Complaint.

9. Claimant ADMITS the allegations as set forth in paragraph 9 of the Verified Complaint.

10. Claimant ADMITS the allegations as set forth in paragraph 10 of the Verified Complaint. By way of further pleading, Claimant asserts that she has filed a Verified Claim in, and an Answer and Counterclaim to, the civil forfeiture action identified in this paragraph.

11. Claimant ADMITS the allegations as set forth in paragraph 11 of the Verified Complaint.

12. Claimant ADMITS the allegations as set forth in paragraph 12 of the Verified Complaint.

13. Claimant ADMITS the allegations as set forth in paragraph 13 of the Verified Complaint.

14. Claimant ADMITS the allegations as set forth in paragraph 14 of the Verified Complaint.

15. Claimant ADMITS the allegations as set forth in paragraph 15 of the Verified Complaint.

16. Claimant ADMITS the allegations as set forth in paragraph 16 of the Verified Complaint.

17. Claimant ADMITS the allegations as set forth in paragraph 17 of the Verified Complaint.

18. Claimant ADMITS the allegations as set forth in paragraph 18 of the Verified Complaint.

19. Claimant ADMITS the allegations as set forth in paragraph 19 of the Verified Complaint.

20. Claimant ADMITS the allegations as set forth in paragraph 20 of the Verified Complaint.

21. Claimant ADMITS the allegations as set forth in paragraph 21 of the Verified Complaint.

22. Claimant ADMITS the allegations as set forth in paragraph 22 of the Verified Complaint.

23. Claimant ADMITS the allegations as set forth in paragraph 23 of the Verified Complaint.

24. Claimant ADMITS the allegations as set forth in paragraph 24 of the Verified Complaint.

25. Claimant ADMITS the allegations as set forth in paragraph 25 of the Verified Complaint.

26. Claimant ADMITS the allegations as set forth in paragraph 26 of the Verified Complaint.

27. Claimant ADMITS the allegations as set forth in paragraph 27 of the Verified Complaint.

**INVESTIGATION OF FRAUDULENT SCHEME OF MARTIN FRANKEL**

28. In response to paragraph 28, Claimant ADMITS that on Monday, May 10, 1999, representatives including attorneys acting on behalf of certain insurance company affiliates of FAC communicated with personnel in the United States Attorney's Office and informed them

that they had several hundred million dollars on account in the name of FNLIC, that they believed the account was under the control of Liberty National Securities, Inc., and that they believed a portion of the money had been provided by an entity called the St. Francis of Assisi Foundation.  Claimant DENIES that FNLIC was a wholly-owned subsidiary of FAC, but ADMITS it was an insurance company affiliate of FAC.  Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

29.     Claimant ADMITS the allegations as set forth in paragraph 29 of the Verified Complaint.

30.     In response to paragraph 30, Claimant ADMITS that on or about April 29, 1999, Mississippi insurance regulators directed the Mississippi insurance company affiliates of FAC to transfer to a Mississippi depository institution all holdings believed at that time to be held with Liberty National Securities, Inc.  Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore DENIES the same.

31.     In response to paragraph 31, Claimant ADMITS that, to date, neither FAC nor its insurance company affiliates have received this money.  Claimant DENIES that persons in control of FAC and its insurance company affiliates prior to May 10, 1999, including John Hackney, Gary Atnip and John Jordan, believed these monies were on deposit with Liberty National Securities, Inc., further stating that such individuals knew and understood that this money was under the exclusive control of Martin Frankel, who had unlawfully converted it. Claimant ADMITS that Martin Frankel and his employees at 889 Lake Avenue and other associates of Frankel absconded with these funds.  Claimant ADMITS, on information and

belief, that directions from insurance regulators requiring the return of these funds, in part, prompted Frankel's hasty departure from the premises at 889 Lane Avenue. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

      32.    Claimant ADMITS the allegations as set forth in paragraph 32 of the Verified Complaint.

      33.    Claimant ADMITS the allegations as set forth in paragraph 33 of the Verified Complaint.

      34.    Claimant ADMITS the allegations as set forth in paragraph 34 of the Verified Complaint.

      35.    Claimant ADMITS the allegations as set forth in paragraph 35 of the Verified Complaint.

      36.    In response to paragraph 36, Claimant ADMITS that FAC's and IFC's affiliate insurance companies in Mississippi, Tennessee, Oklahoma and Missouri have been placed in receivership by the state courts, upon application of insurance regulators, in those states. Claimant ADMITS that IFC was a holding company and that its insurance company subsidiaries had been caused to transfer assets to Martin Frankel's control. Claimant ADMITS that Mississippi insurance regulators and Special Agents of the FBI and IRS CI talked to FAC and IFC officials. Claimant ADMITS that FAC and IFC officials stated, among other things, as follows: since 1991, FAC, IFC and their subsidiaries had transferred a substantial amount of their liquid assets and insurance policy proceeds (up to 90 percent of the liquid assets of each company), to Liberty National Securities, Inc., 405 Tarrytown Road, Suite 212, White Plains, New York, with the understanding that Liberty National Securities, Inc., on behalf of the

insurance companies, would invest these funds in United States Treasury Notes and other government securities. Claimant DENIES that persons in control of FAC, IFC and its subsidiaries, including John Hackney, Gary Atnip and John Jordan, believed these assets had been transferred to Liberty National Securities, Inc. at 405 Tarrytown Road, Suite 212, White Plains, New York, and DENIES that such persons understood the assets would be invested on behalf of the insurance companies in United States Treasury Notes and other government securities, further stating that such persons knew and understood that this money was under the exclusive control of Martin Frankel, who had unlawfully converted it. Claimant ADMITS that certain documents purporting to be "custodial agreements" between a number of the insurance companies and Liberty National Securities, Inc. have been identified, and ADMITS the remaining allegations of the final sentence of this paragraph. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

37.     In response to paragraph 37, Claimant ADMITS the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, those subsidiaries were caused to transfer in excess of $161 million to the control of Martin Frankel. Claimant further ADMITS that the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, IFC's Missouri and Oklahoma insurance company subsidiaries had transferred as much as $117 million and $12.6 million, respectively, to the control of Martin Frankel. Claimant ADMITS these transfers involved the use of, among others, accounts at Dreyfus Service Corp. and Prudential Securities, Inc., but DENIES those accounts were controlled by Liberty National Securities, Inc., further stating that such accounts were at all times controlled by Martin Frankel. Claimant DENIES all allegations of this

paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

38. In response to paragraph 38, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the conduct of Virginia insurance regulators and therefore DENIES the same. Claimant ADMITS that the FNLIC receiver determined that, on or about April 9, 1999, pursuant to a reinsurance agreement between Settlers Life Insurance Company of Bristol, Virginia ("Settlers") and FNLIC, Settlers transferred to FNLIC over $44 million by wiring it to FNLIC's account at First Tennessee Bank. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning wire instructions written by Settlers' CEO and therefore DENIES the same. Claimant ADMITS that, after receipt into FNLIC's First Tennessee account of the funds from Settlers, FNLIC was caused to transfer $44,975,000 of its funds to account 719_0791438435 in the name of "FNL Co. of America Rec. Acct." (the "FNLIC Dreyfus Account"), which account was under the control of Martin Frankel. Claimant ADMITS that on or about April 12, 1999, Martin Frankel caused $44,812,640.49 of FNLIC's funds to be wire transferred from the FNLIC Dreyfus Account to an account he controlled at Banque SCS Alliance in Geneva, Switzerland, Number 70026, in the name of Bloomfield Investments, Ltd. Claimant DENIES all allegations of this paragraph inconsistent with the above, and DENIES the remaining allegations of this paragraph.

39. Claimant ADMITS the allegations as set forth in paragraph 39 of the Verified Complaint.

40. Claimant ADMITS the allegations as set forth in paragraph 40 of the Verified Complaint.

41. Claimant ADMITS the allegations as set forth in paragraph 41 of the Verified

Complaint. By way of further response, Claimant asserts that these allegations support the application of 18 U.S.C. § 983(d).

## TRANSFER OF FRAUD PROCEEDS TO THE ACCOUNT OF FRANKLIN CREDIT SERVICES, INC.

42. Claimant ADMITS that John Hackney directed the formation of Franklin American Services, Inc. ("FCS"). Claimant is without sufficient knowledge or information to either admit or deny the mechanism of funding FCS other than to state it was funded with monies of the Claimant Insurance Companies. Claimant ADMITS the remainder of the allegations as set forth in paragraph 42 of the Verified Complaint.

43. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 43 of the Verified Complaint.

44. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 44 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

45. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 45 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

46. Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 46 of the Verified Complaint. By way of further response, Claimant avers that FCS was funded with monies of the Claimant Insurance Companies.

47.     Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 47 of the Verified Complaint.

48.     Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 48 of the Verified Complaint.

49.     Claimant ADMITS the allegations as set forth in paragraph 49 of the Verified Complaint.

50.     Claimant ADMITS the allegations as set forth in paragraph 50 of the Verified Complaint.

51.     Claimant ADMITS the allegations as set forth in paragraph 51 of the Verified Complaint.

52.     Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 52 of the Verified Complaint other than to ADMIT that on March 23, 2001, the Internal Revenue service seized $185,000.00 from Account Number 100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

53.     Claimant is without sufficient knowledge or information to either admit or deny the allegations as set forth in paragraph 53 of the Verified Complaint other than to ADMIT that on April 15, 2004, the Internal Revenue Service seized $149,000.00 from Account Number 100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

54.     Claimant ADMITS the allegations as set forth in paragraph 54 of the Verified Complaint. By way of further pleading, Claimant asserts that the defense available in 18 U.S.C. § 1983(b) requires that the Defendant Properties not be forfeited to the United States, but rather

transferred to Claimant in her capacity as Receiver and Liquidator for the estate of Franklin American Life Insurance Company.

55.     Responding to the unnumbered paragraph beginning with "WHEREFORE," Claimant DENIES that the Defendant Properties should be forfeited to the United States.  By way of further pleading, Claimant asserts that as an innocent owner of the Defendant Properties, she is entitled to all rights, title, and possession of the Defendant Properties in her capacity as Receiver and Liquidator for the estate of Franklin American Life Insurance Company.

## AFFIRMATIVE DEFENSES

Franklin American Life Insurance Company is an insurance company domiciled in Tennessee, and subject to the regulation and administrative control of the Commissioner of Commerce and Insurance.  On May 11, 1999, in the action *State of Tennessee, ex rel., Douglas Sizemore v. Franklin American Life Insurance Company*, 99-1326-II, the Chancery Court for the Twentieth Judicial District of the State of Tennessee placed Franklin American Life into receivership, pursuant to a Rehabilitation Order entered in accordance with the Tennessee Insurers Rehabilitation and Liquidation Act, Tenn. Code Ann. § 56-9-101, et seq., a copy of the Rehabilitation Order is attached to Claimant's Verified Claim.  Among other things, the Rehabilitation Order, in accordance with the Tennessee Act,

- a.  "vest[ed] title to all assets of Franklin American in the [Commissioner]," Rehabilitation Order at p.2, ¶ 1; and

- b.  "directed [the Commissioner] forthwith to take possession of the assets of Franklin American and to administer them under the general supervision of the Court." Id.

Thereafter, on October 25, 1999, the Davidson County Chancery Court entered a Liquidation Order in the Franklin American Life receivership proceedings.  A copy of the

Liquidation Order is attached to Claimant's Verified Claim.  Among other things, the Liquidation Order "reaffirms and continues" all authority vested with the Commissioner by the prior Rehabilitation Order.  *See* Liquidation Order at ¶ 6(A).  Further, the Liquidation Order directs the Commissioner to "take and continue in possession of all accounts, assets, monies, and property (both tangible and intangible) belonging to, held by and/or in the name of Franklin American Life Insurance Company both within and without the State of Tennessee," and, by operation of statutory law, vests the Commissioner with title to such assets and property.  *Id*. at ¶ 6(C).  *See also* Tenn. Code Ann. § 56-9-307(a).

By virtue of the Rehabilitation and Liquidation Orders entered by the Davidson County Chancery Court, as well as the authority vested in her by the Tennessee Insurers Rehabilitation and Liquidation Act, Claimant asserts the following affirmative defenses:

**First Defense**

Plaintiff's Verified Complaint fails to state a cause of action for which relief may be granted by law.

**Second Defense**

By virtue of the Rehabilitation and Liquidation Orders described above, the Davidson County Chancery Court exercised *in rem* jurisdiction over all property and assets of Franklin American Life Insurance Company, which (as demonstrated by the Government's Verified Complaint) includes the Defendant Properties.  The Rehabilitation and Liquidation Orders, and the Tennessee Insurers Rehabilitation and Liquidation Act, vest with Claimant title to all property and assets of Franklin American Life Insurance Company, which (as demonstrated by the Government's Verified Complaint) includes the Defendant Properties.  Accordingly, all right and possession should likewise be vested in Claimant.

### Third Defense

By virtue of the Rehabilitation and Liquidation Orders described above, and the Tennessee Insurers Rehabilitation and Liquidation Act, equitable and *de facto* liens to these Defendant Properties in favor of Claimant existed prior to its seizure by the Government.

### Fourth Defense

The Liquidation Order is a final order, entitled to full faith and credit in this Court pursuant 28 U.S.C. § 1738.

### Fifth Defense

The federal forfeiture statutes relied upon by the Government are pre-empted, in this instance, by the McCarran-Ferguson Act, 15 U.S.C. § 1011, et seq., and by the Tennessee Insurers Rehabilitation and Liquidation Act. The claims of the federal government to property and assets of the Franklin American Life Insurance Company estate are subordinate to claims made pursuant to insurance policies and claims of affected guaranty associations. *See* Tenn. Code Ann. § 56-9-330.

### Sixth Defense

Claimant is the duly-appointed, statutory Receiver and Liquidator of Franklin American Life Insurance Company. The Defendant Properties constitute in whole or in part monies and/or assets that were unlawfully transferred, converted, and/or stolen from Franklin American Life Insurance Company, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from Franklin American Life Insurance Company. The illegal activity that involved the Defendant Properties, or which led to the purchase of the Defendant Properties, occurred without the knowledge of Claimant. Since Claimant has a recognizable legal and/or equitable interest in the Defendant Properties and since Claimant was unaware of the conduct that gave rise to this

civil action, Claimant is an innocent owner of the Defendant Properties. Therefore, under 18 U.S.C. § 983(d), the Defendant Properties shall not be forfeited and all right, title, and possession shall be granted to Claimant.

**Seventh Defense**

Claimant is the constructive owner of the Defendant Properties. Forfeiture actions are fines which are punishment for an offense and are subject to the Eighth Amendment's protection against excessive punishment. Claimant has committed no offense. Any forfeiture of the Defendant Properties to the federal government will punish Claimant and those parties to whom she owes a statutory and fiduciary duty -- including policyholders, creditors, and the general public -- for a crime that neither Claimant, nor those to whom she owes a statutory and fiduciary duty, committed.

**Eighth Defense**

The forfeiture claim asserted in the Verified Complaint is penal in nature; however, the federal government has no criminal claims to assert against Claimant and therefore has no interest in the property as against Claimant.

**CLAIM *IN REM* AND COUNTERCLAIM FOR TITLE AND POSSESSION
AGAINST THE UNITED STATES OF AMERICA**

WHEREFORE, having fully responded to the Verified Complaint and having previously filed a Verified Claim to the Verified Complaint (which is incorporated herein by reference), Claimant hereby asserts and gives notice of her Claim *In Rem* against the Defendant Properties and all persons claiming an interest therein, and Counterclaim against the United States of America for title and possession of the Defendant Properties herein, and avers as follows:

1)   Franklin American Life Insurance Company is a life insurance company

domiciled in the State of Tennessee and currently is in liquidation. First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company are life insurance companies domiciled in the State of Mississippi and currently are in liquidation. Farmers and Ranchers Life Insurance Company is a life insurance company domiciled in the State of Oklahoma and currently is in liquidation. Old Southwest Life Insurance Company is a life insurance company domiciled in the State of Arkansas and currently is in rehabilitation. International Financial Services Life Insurance Company is a life insurance company domiciled in the State of Missouri and currently is in liquidation. These companies are hereinafter referred to collectively as the "Insurance Companies."

2)   As a result of the fraudulent activities of Martin Frankel and others, each of the Insurance Companies was placed under court-ordered rehabilitation or liquidation in 1999 by their respective state insurance departments. The court-appointed receivers for each of the Insurance Companies are statutorily vested with title to the assets of their respective companies, and each has an affirmative legal duty to locate and marshal the assets of their respective insurance companies and to take steps as necessary to recover such assets. The Defendant Properties constitute assets of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers[1] because they were unlawfully transferred, converted, and/or stolen from Franklin American Life Insurance Company and/or one or more of the other Insurance Companies, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from Franklin

---

[1] The "Insurance Company Liquidators/Receivers" are Scott B. Lakin (as Liquidator of International Financial Services Life Insurance Company), George Dale (as Liquidator of First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company), Carroll Fisher (as Receiver of Farmers and Ranchers Life Insurance Company), Paula A. Flowers (as Receiver and Liquidator of Franklin America Life Insurance Company), and Mike Pickens (as Receiver of Old Southwest Life Insurance Company).

American Life Insurance Company and/or one or more of the other Insurance Companies.

## COUNT I
## (CONSTRUCTIVE TRUST)

3) Claimant incorporates the allegations of paragraphs 1 and 2 above as if fully set forth herein.

4) The Defendant Properties have been seized and the United States of America is presently in possession of the Defendant Properties.

5) The Defendant Properties constitute assets of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as such were unlawfully transferred, converted, and/or stolen from Franklin American and/or one or more of the other Insurance Companies for which the Insurance Company Liquidators/Receivers were appointed, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from Franklin American and/or one or more of the other Insurance Companies for which the Insurance Company Liquidators/Receivers were appointed.

6) The Defendant Properties were acquired under circumstances such that it would be inequitable and against good conscience not to transfer title of the Defendant Properties to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers. Claimant and/or one or more of the other Insurance Company Liquidator/Receivers are beneficially entitled to legal title to, and possession of, the Defendant Properties. Title to and possession of the Defendant Properties should be conveyed to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as the rightful owners.

7) This Court should impose or declare a constructive trust over the Defendant Properties and/or quiet title in favor of Claimant and/or one or more of the other Insurance

Company Liquidator/Receivers as the rightful owners and convey title to Claimant and/or one or more of the other Insurance Company Liquidator/Receivers.

## COUNT II
### (CLAIM FOR TITLE AND POSSESSION/FULL FAITH AND CREDIT)

8) Claimant incorporates paragraphs 1 through 7 above as if fully set forth herein.

9) By virtue of the Rehabilitation and Liquidation Orders described above, the Davidson County Chancery Court exercised *in rem* jurisdiction over all property and assets of Franklin American Life Insurance Company, which (as demonstrated by the Government's Verified Complaint) includes the Defendant Properties.

10) The exercise of *in rem* jurisdiction by the Davidson County Chancery Court pre-dates the initiation of this action.

11) The Liquidation Order of the Davidson County Chancery Court, as well as the orders from the receivership courts in Mississippi, Missouri, Oklahoma, and Arkansas, are final orders which are entitled to full faith and credit pursuant to 28 U.S.C. § 1738.

12) Under the state law governing each of the Insurance Companies, titles to all of the Insurance Companies' assets are vested in the Insurance Company Liquidators/Receivers by operation of law. The Defendant Properties are assets of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers and, as such, constitute the money and/or assets, or the proceeds of money and/or assets that were stolen from the Insurance Companies.

WHEREFORE, PREMISES CONSIDERED, Claimant respectfully prays that this Court will:

    a. Enter an order declaring Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as rightful owners of the Defendant Properties and award title and possession to the Claimant and/or one or more of the other Insurance Company Liquidator/Receivers; and/or

    b. Impose or declare a constructive trust over the Defendant Properties and/or quiet

    title in favor of Claimant and/or one or more of the other Insurance Company Liquidator/Receivers as the rightful owners and convey title to Claimant and/or one or more of the other Insurance Company Liquidator/Receivers; and

c.    Award Plaintiff her costs in this matter; and

d.    Grant such other, further, and additional relief to which the Court finds Claimant and/or one or more of the other Insurance Company Liquidator/Receivers to be entitled.

                    Respectfully submitted,

                    /s/ James A. Lenes
                    Douglas S. Skalka, Fed. Bar 00616
                    James A. Lenes, Fed Bar. 10408
                    NEUBERT, PEPE & MONTEITH
                    195 Church Street, 13th Floor
                    New Haven, Connecticut 06510
                    Ph (203) 821-2000
                    Fx (203) 821-2009

                    and

                    Andrew B. Campbell (TN 14258, CT Fed. 21433)
                    Graham Matherne, Esq.
                    WYATT, TARRANT & COMBS, LLP
                    2525 West End Avenue, Suite 1500
                    Nashville, Tennessee 37203-1423
                    Ph (615) 244-0020
                    Fx (615) 251-6661

                    Counsel for Commissioner Flowers as Receiver of Franklin American Life Insurance Company

                    Charles G. Copeland (MS Bar #6516)
                    Rebecca Jordan (MS Bar #99611)
                    COPELAND, COOK, TAYLOR & BUSH, P.A.
                    P.O. Box 6020
                    Ridgeland, Mississippi 39158
                    Ph (601) 856-7200
                    Fx (601) 856-7626

                    Attorneys for Mississippi Commissioner of Insurance George Dale, as Liquidator for First National Life Insurance Company of America,

Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company, in Liquidation

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958

Attorneys for Carroll Fisher, Oklahoma Insurance Commissioner, in his capacity as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101

Counsel for Arkansas Commissioner Mike Pickens as Receiver of Old Southwest Life Insurance Company

Douglas J. Schmidt                 MO # 34266
Patrick A. McInerney               MO # 37638
Blackwell Sanders Peper Martin LLP
2300 Main Street, Suite 1000
Kansas City, Missouri  64108
Ph (816) 983-8000
Fx (816) 983-8080

Attorneys for Scott Lakin, Director of the Missouri Department of Insurance, in his capacity as Receiver of the International Financial Services Life Insurance Company in Rehabilitation

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid, to the following individuals on this the 27th day of August, 2004:

| | |
|---|---|
| David X. Sullivan, Esq.<br>United States Attorney's Office<br>P.O. Box 1824<br>New Haven, CT 06508 | Douglas J. Schmidt, Esq.<br>Blackwell Sanders Peper Martin LLP<br>2300 Main Street, Suite 1000<br>Kansas City, MO 64108 |
| Andrew B. Campbell, Esq.<br>Graham Matherne, Esq.<br>Wyatt, Tarrant & Combs, LLP<br>2525 West End Avenue, Suite 1500<br>Nashville, TN 37203-1423 | Susan B. Loving, Esq.<br>Lester, Loving & Davies<br>1701 South Kelly Avenue<br>Edmund, OK 73013 |
| Steve A. Uhrynowycz, Esq.<br>Arkansas Insurance Department<br>Liquidation Department<br>1023 West Capitol, Suite 2<br>Little Rock, AR 72201 | Charles G. Copeland, Esq.<br>Copeland, Cook, Taylor & Bush, P.A.<br>P.O. Box 6020<br>Ridgeland, MS 39158 |

              /s/ James A. Lenes
              Attorney