UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:00cv02009 (EBB) |
| | ) | |
| $662,310.79 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100080907, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | ) ) ) ) ) ) ) ) | |
| $146,000.00 and $3,315.57 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | ) ) ) ) ) ) ) ) | |
| $185,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | ) ) ) ) ) ) ) ) | |
| $149,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 100057691, HELD IN THE NAME OF FRANKLIN CREDIT SERVICES, INC., AT FIRST TENNESSEE BANK, FRANKLIN, TENNESSEE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| [CLAIMANTS: FIRST NATIONAL LIFE | ) | |

| | |
|---|---|
| INS. CO., FRANKLIN PROTECTIVE LIFE INS. CO, AND FAMILY GUARANTY LIFE INS. CO.] | ) ) ) |

**ANSWER AND DEFENSES OF FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA, FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, AND FAMILY GUARANTY LIFE INSURANCE COMPANY TO THE UNITED STATES OF AMERICA=S SECOND AMENDED VERIFIED COMPLAINT OF FORFEITURE AND CLAIM *IN REM* AND COUNTERCLAIM FOR TITLE AND POSSESSION**

COMES NOW Mississippi Commissioner of Insurance George Dale, as Liquidator of, and on behalf of, First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company, in Liquidation, (hereinafter referred to as "Claimant") by and through counsel and files (1) this Answer and Defenses to the United States of America's Second Amended Verified Complaint of Forfeiture against properties known as "$662,310.79 in United States Currency seized from account number 100080907, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin, Tennessee, $146,000 and $3,315.47 in United States Currency seized from account number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin, Tennessee, and $185,000.00 in United States Currency seized from account number 100057691, held in the name of Franklin Credit Services, Inc., at First Tennessee Bank, Franklin, Tennessee;" (2) a Claim *In Rem*; and (3) a Counterclaim against the United States of America for title and possession of the Defendant Properties.

**FIRST DEFENSE**

−2−

## ANSWER

1. The Claimant admits the allegations contained in Paragraph 1 but asserts that the provisions of 18 U.S.C. § 983(d) apply and the Defendant Properties should not be forfeited.

2. Admitted.

3. Admitted.

### Jurisdiction and Venue

4. Admitted.

5. Admitted.

### Background of Investigation

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The Claimant admits the allegations contained in Paragraph 10 of the Second Amended Verified Complaint of Forfeiture. The Claimant states that he has filed a Verified Statement identifying his interest in and right to the defendant properties as well as an Answer and Counterclaim in the civil forfeiture action identified in Paragraph 10.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

<u>Investigation of Fraudulent Scheme of Martin Frankel</u>

28. The Claimant admits that on Monday, May 10, 1999, representatives including attorneys acting on behalf of certain insurance company affiliates of Franklin American Corporation ("FAC") communicated with personnel in the United States Attorney's Office and informed them that they had several hundred million dollars on account in the name of First National Life Insurance Company of America ("FNL"), that they believed the account was under the control of Liberty National Securities, Inc. ("LNS"), and that they believed a portion of the money had been

provided by an entity called the St. Francis of Assisi Foundation. The Claimant denies that FNL was a wholly-owned subsidiary of FAC, but admits it was an insurance company affiliate of FAC. The Claimant denies all allegations of Paragraph 28 inconsistent with the above statements and denies the remaining allegations in Paragraph 28.

29. Admitted.

30. The Claimant admits that on or about April 29, 1999, Mississippi insurance regulators directed FNL, Franklin Protective Life Insurance Company ("FPL"), and Family Guaranty Life Insurance Company ("FGL") (referred to collectively as "Mississippi Insurance Companies") to transfer to a Mississippi depository institution all holdings believed at that time to be held with LNS. The Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies the same.

31. The Claimant admits that, to date, neither FAC nor its insurance company affiliates have received the referenced monies. The Claimant denies that persons in control of FAC and its insurance company affiliates prior to May 10, 1999, including John Hackney, Gary Atnip, and John Jordan, believed these monies were on deposit with LNS. The Claimant further states that the identified individuals knew and understood that this money was under the exclusive control of Martin Frankel, who had unlawfully converted it. The Claimant admits that Martin Frankel and his employees at 889 Lake Avenue and other associates of Frankel absconded with these funds. The Claimant admits, upon on information and belief, that directions

from insurance regulators requiring the return of these funds, in part, prompted Frankel=s hasty departure from the premises at 889 Lake Avenue.  The Claimant denies all allegations of Paragraph 31 inconsistent with the above statements and denies the remaining allegations in Paragraph 31.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. The Claimant admits that International Financial Corporation ("IFC") was a holding company and that its insurance company subsidiaries had been caused to transfer assets to Martin Frankel's control.  The Claimant admits that FAC's and IFC's affiliate insurance companies in Arkansas, Mississippi, Missouri, Oklahoma, and Tennessee have been placed in receivership by the respective States' courts, upon application of respective States' insurance regulators.  The Claimant admits that Mississippi insurance regulators and Special Agents of the FBI and IRS CID talked to FAC and IFC officials.  The Claimant admits that the FAC and IFC officials stated, among other things, as follows: since 1991, FAC, IFC, and their subsidiaries had transferred a substantial amount of their liquid assets and insurance policy proceeds (up to 90 percent of the liquid assets of each company), to LNS, 405 Tarrytown Road, Suite 212, White Plains, New York, with the understanding that LNS, on behalf of the insurance companies, would invest these funds in United States Treasury Notes and other government securities.  The Claimant denies that persons in control of FAC,

IFC, and their subsidiaries, including John Hackney, Gary Atnip, and John Jordan, believed these assets had been transferred to LNS and denies that the identified persons understood the assets would be invested on behalf of the insurance companies in United States Treasury Notes and other government securities. The Claimant further states that the Hackney, Atnip, and Jordan knew and understood that this money was under the exclusive control of Martin Frankel, who had unlawfully converted it. The Claimant admits that certain documents purporting to be Acustodial agreements@ between a number of the insurance companies and LNS have been identified and admits the remaining allegations of the final sentence of this paragraph. The Claimant denies all allegations of Paragraph 36 inconsistent with the above statements and denies the remaining allegations in Paragraph 36.

37. The Claimant admits the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, those subsidiaries were caused to transfer in excess of $161 million to the control of Martin Frankel. The Claimant further admits that the receiver of FAC's and IFC's Mississippi insurance company subsidiaries determined that, as of March 31, 1999, IFC's Missouri and Oklahoma insurance company subsidiaries had transferred as much as $117 million and $12.6 million, respectively, to the control of Martin Frankel. The Claimant admits these transfers involved the use of, among others, accounts at Dreyfus Service Corp. and Prudential Securities, Inc., but denies those accounts were controlled by LNS, further stating that such accounts were at all times controlled by Martin Frankel.

> The Claimant denies all allegations of Paragraph 37 inconsistent with the above statements and denies the remaining allegations in Paragraph 37.

38. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the conduct of Virginia insurance regulators and therefore denies the same. The Claimant admits that the FNL receiver determined that, on or about April 9, 1999, pursuant to a reinsurance agreement between Settlers Life Insurance Company of Bristol, Virginia ("Settlers") and FNL, Settlers transferred to FNL over $44 million by wiring it to FNL's account at First Tennessee Bank. The Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning wire instructions written by Settlers' CEO and therefore denies the same. The Claimant admits that, after receipt into FNL's First Tennessee account of the funds from Settlers, FNL was caused to transfer $44,975,000 of its funds to account 719_0791438435 in the name of "FNL Co. of America Rec. Acct." (referred to as the "FNL Dreyfus Account"). The Claimant admits that the FNL Dreyfus Account was under the control of Martin Frankel. The Claimant admits that on or about April 12, 1999, Martin Frankel caused $44,812,640.49 of FNL's funds to be wire transferred from the FNL Dreyfus Account to an account he controlled at Banque SCS Alliance in Geneva, Switzerland, Number 70026, in the name of Bloomfield Investments, Ltd. The Claimant denies all allegations of Paragraph 38 inconsistent with the above statements and denies the remaining allegations in Paragraph 38.

39. Admitted.

40. Admitted.

41. The Claimant admits the allegations contained in Paragraph 1 but asserts that the provisions of 18 U.S.C. § 983(d) apply and the Defendant Properties should not be forfeited.

Transfer of Fraud Proceeds to the Account of Franklin Credit Services, Inc.

42. The Claimant admits that John Hackney directed the formation of Franklin Credit Services, Inc. ("FCS"). The Claimant is without sufficient knowledge or information to either admit or deny the mechanism of funding FCS other than to state it was funded with monies of the Mississippi Insurance Companies and those insurance companies in Arkansas, Missouri, Oklahoma, and Tennessee. The Claimant admits the remainder of the allegations as set forth in Paragraph 42.

43. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 43.

44. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 44.

45. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 45.

46. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 46.

47. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 47.

48. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 48.

49. Admitted.

50. Admitted.

51. Admitted.

52. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 52 other than to admit that on March 23, 2001, the Internal Revenue Service seized $185,000.00 from Account Number 100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

53. The Claimant lacks the necessary knowledge or information to either admit or deny the allegations as set forth in paragraph 53 other than to admit that on April 15, 2004, the Internal Revenue Service seized $149,000.00 from Account Number 100057691 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge.

54. The Claimant admits the allegations contained in Paragraph 54 but asserts that the provisions of 18 U.S.C. §983 apply and the Defendant Properties should not be forfeited to the United States but rather transferred to the Claimant in his capacity as Receiver and Liquidator for FNL, FPL, and FGL.

55. In response to the unnumbered paragraph beginning with "WHEREFORE," the Claimant denies that the Defendant Properties should be forfeited to the United States. As an innocent owner of the Defendant Properties, the Claimant respectfully

requests that this Court grant all rights and titles to and possession of the Defendant Properties to the Claimant in his capacity as Receiver and Liquidator for FNL, FPL, and FGL.

### SECOND DEFENSE

The Claimant represents the liquidation estates of the three Mississippi Insurance Companies, all of which are insolvent. The Defendant Properties are, in whole or in part, monies and/or assets or proceeds from monies and/or assets that were unlawfully transferred, converted, and/or stolen from the Mississippi Insurance Companies. The illegal activity that led to the purchase of the Defendant Properties occurred without the Claimant's knowledge. Since the Claimant has a recognizable legal and/or equitable interest in the Defendant Properties and since the Claimant was ignorant of the conduct that gave rise to this civil action, the Claimant is an innocent owner of the Defendant Properties. Therefore, under 18 U.S.C. § 983(d), the Defendant Properties shall not be forfeited and all rights and titles to and possession of the Defendant Properties shall be granted to the Claimant in his capacity as Receiver and Liquidator for FNL, FPL, and FGL.

### THIRD DEFENSE

On May 10, 1999, each of the Mississippi Insurance Companies was entered into rehabilitation by the Chancery Court of the First Judicial District of Hinds County, Mississippi. *See* Exhibit A. On June 29, 1999, that Court issued a Final Order, entering the Mississippi Insurance Companies into liquidation. *See* Exhibit B. These Orders were entered pursuant to the Mississippi Insurers' Rehabilitation and Liquidation Act, *see* Mississippi Code §83-24-1 *et seq.*, and are entitled to full faith and credit in this Court

pursuant to 28 U.S.C. §1738. The Mississippi Insurers' Rehabilitation and Liquidation Act provides that the Claimant, as Liquidator, must protect "the interest(s) of insureds, claimants, creditors and the public generally." MISS. CODE ANN. § 83-24-3 (2004). Under the Mississippi Insurers' Rehabilitation and Liquidation Act, title to all of the insurer's assets are vested in the Liquidator by operation of law, and the Liquidator is required to take possession of the insurer's assets. MISS. CODE ANN. §§ 83-24-25(1), 35(1). The Defendant Properties are assets of the Mississippi Insurance Companies. By operation of law, title to the Defendant Properties has already vested in the Claimant; and all rights and possession thereof should likewise be vested in the Claimant.

### FOURTH DEFENSE

The Claimant is the constructive owner of the Defendant Properties. Forfeiture actions are fines which are punishment for an offense and are subject to the Eighth Amendment's protection against excessive punishment. The Claimant has committed no offense. Any forfeiture of the Defendant Properties to the United States of America will punish the Claimant and those parties whose interests he represents, including policyholders, creditors, and the general public, for a crime that neither the Claimant nor those whom he represents committed.

### FIFTH DEFENSE

The forfeiture claim asserted in the Second Amended Verified Complaint of Forfeiture is penal in nature; however, the United States of America has no criminal claims to assert against the Claimant and therefore has no interest in the Defendant Properties as against the Claimant.

## CLAIM *IN REM* AND COUNTERCLAIM FOR TITLE AND POSSESSION AGAINST THE UNITED STATES OF AMERICA

WHEREFORE, having fully responded to the Second Amended Verified Complaint and asserted Affirmative Defenses to the same and having previously filed a Verified Statement Identifying Interest in and Right to Defendant Properties (which is incorporated herein by reference), the Claimant now states and gives notice that his Verified Statement Identifying Interest in and Right to Defendant Property is a Claim *In Rem* against the Defendant Properties and all persons claiming an interest therein and a Counterclaim against the United States of America for title and possession of the Defendant Properties and asserts as follows:

**A.**

FNL, FPL, and FGL are life insurance companies domiciled in the State of Mississippi and are currently in liquidation. Old Southwest Life Insurance Company is a life insurance company domiciled in the State of Arkansas and is currently in liquidation. International Financial Services Life Insurance Company is a life insurance company domiciled in the State of Missouri and is currently in liquidation. Farmers and Ranchers Life Insurance Company is a life insurance company domiciled in the State of Oklahoma and is currently in liquidation. Franklin American Life Insurance Company is a life insurance company domiciled in the State of Tennessee and is currently in liquidation. These companies are hereinafter referred to collectively as "the Insurance Companies."

**B.**

As a result of the fraudulent activities of Martin Frankel and others, each of the Insurance Companies was placed under court-ordered rehabilitation and/or liquidation in 1999 by their respective state insurance departments.  The court-appointed receivers of each of the Insurance Companies are statutorily vested with title to the assets of their respective companies, and each has an affirmative legal duty to locate and marshal the assets of their respective insurance companies and to take steps as necessary to recover such assets.  The Defendant Properties constitute assets of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers[1] because they were unlawfully transferred, converted, and/or stolen from the Mississippi Insurance Companies and/or one or more of the other Insurance Companies, or were purchased in whole or in part with monies and/or assets (or proceeds from monies and/or assets) that were unlawfully transferred, converted, and/or stolen from the Mississippi Insurance Companies and/or one or more of the other Insurance Companies.

**COUNT I**
**(CONSTRUCTIVE TRUST)**

**C.**

The Claimant incorporates the allegations of Paragraphs A and B above as if fully set forth herein.

---

[1] The "Insurance Company Liquidators/Receivers" are George Dale (as Liquidator of First National Life Insurance Company of America, Franklin Protective Life Insurance Company, and Family Guaranty Life Insurance Company), Carroll Fischer (as Receiver of Farmers and Ranchers Life Insurance Company), Paula A. Flowers (as Receiver and Liquidator of Franklin America Life Insurance Company), Scott B. Lakin (as Liquidator of International Financial Services Life Insurance Company), and Mike Pickens (as Receiver of Old Southwest Life Insurance Company).

**D.**

The Defendant Properties have been seized, and the United States of America is presently in possession of the Defendant Properties.

**E.**

The Defendant Properties constitute assets of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers because the Defendant Properties were unlawfully transferred, converted, and/or stolen from the Mississippi Insurance Companies and/or one or more of the other Insurance Companies or were purchased in whole or in part with monies and/or assets (or proceeds of monies and/or assets) that were unlawfully transferred, converted, and/or stolen from the Mississippi Insurance Companies and/or one or more of the other Insurance Companies.

**F.**

The Defendant Properties were acquired under circumstances such that it would be inequitable and against good conscience not to transfer the titles to the Defendant Properties to the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers. The Claimant and/or one or more of the other Insurance Company Liquidators/Receivers are beneficially entitled to legal title to and possession of the Defendant Properties. Title to and possession of the Defendant Properties should be conveyed to the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers as the rightful owners.

**G.**

This Court should impose or declare a constructive trust over the Defendant Properties and/or quiet title in favor of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers.

## COUNT II
### (CLAIM FOR TITLE AND POSSESSION/FULL FAITH AND CREDIT)

**H.**

The Claimant incorporates the allegations of Paragraphs A and B above as if fully set forth herein.

**I.**

By virtue of the Rehabilitation and Liquidation Orders described above, the Hinds County Chancery Court exercised *in rem* jurisdiction over all Properties and assets of the Mississippi Insurance Companies, which, as demonstrated by the Government's Second Amended Verified Complaint of Forfeiture, includes the Defendant Properties.

**J.**

The exercise of *in rem* jurisdiction by the Hinds County Chancery Court pre-dates the initiation of this action.

**K.**

The Liquidation Order of the Hinds County Chancery Court, as well as the orders from the receivership courts in Arkansas, Missouri, Oklahoma, and Tennessee, are final orders which are entitled to full faith and credit pursuant to 28 U.S.C. § 1738.

**L.**

Under the state law governing each of the Insurance Companies, titles to all of the Insurance Companies' assets are vested in the Insurance Companies Receivers/Liquidators by operation of law. The Defendant Properties are assets of the Claimant and/or one or more of the Insurance Companies Receivers/Liquidators and, as such, constitute the monies and/or assets or the proceeds of the monies and/or assets that were unlawfully transferred, converted, and/or stolen from the Insurance Companies.

WHEREFORE, PREMISES CONSIDERED, the Claimant respectfully prays that this Court will:

A. Enter an order declaring the declaring the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers as rightful owner(s) of the Defendant Properties and award title to and possession of the Defendant Properties to the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers; and/or

B. Impose or declare a constructive trust over the Defendant Properties and/or quiet title in favor of the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers as the rightful owners and convey title to the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers; and

C. Award the Claimant his costs in this matter; and

D.  Grant such other, further, and additional relief to which the Court finds the Claimant and/or one or more of the other Insurance Company Liquidators/Receivers to be entitled.

Respectfully submitted, this the 27th day of August 2004.

        MISSISSIPPI COMMISSIONER OF INSURANCE GEORGE DALE, AS LIQUIDATOR FOR FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA, FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, AND FAMILY GUARANTY LIFE INSURANCE COMPANY, IN LIQUIDATION

        / s/ Rebecca Blunden
        Charles G. Copeland (MS Bar #6516)
        Rebecca Blunden (MS Bar #99611)
        COPELAND, COOK, TAYLOR & BUSH, P.A.

        /s/ James A. Lenes
        James A. Lenes (Federal Bar #10408)
        NEUBERT, PEPE & MONTEITH, P.C.

        ATTORNEYS FOR MISSISSIPPI COMMISSIONER OF INSURANCE GEORGE DALE, AS LIQUIDATOR FOR FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA, FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, AND FAMILY GUARANTY LIFE INSURANCE COMPANY, IN LIQUIDATION

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
200 Concourse, Suite 200
1062 Highland Colony Parkway

Ridgeland, Mississippi  39157
Telephone:  (601) 856-7200
Facsimile: (601) 856-7626


**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, CT  06510-2026
Telephone: (203) 821-2000
Facsimile: (203) 821-2009

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid, to the following:

| | |
|---|---|
| John B. Hughes, Esq.<br>David X. Sullivan, Esq.<br>United States Attorney's Office<br>P.O. Box 1824<br>New Haven, Connecticut  06508 | Graham Matherne, Esq.<br>Andrew Campbell, Esq.<br>Wyatt Tarrant & Combs<br>2525 West End Avenue, Suite 1500<br>Nashville, TN  37203 |
| Douglas J. Schmidt, Esq.<br>Blackwell Sanders Peper Martin, LLP<br>2300 Main Street, Suite 1000<br>Kansas City, Missouri  64108 | Susan B, Loving, Esq.<br>Lester, Loving & Davies<br>1701 South Kelly Avenue<br>Edmund, Oklahoma  73013 |
| Steve A. Uhrynowycz, Esq.<br>Arkansas Insurance Department<br>Liquidation Department<br>1200 West Third Street, Room 340<br>Little Rock, Arkansas  72201-1904 | David N. Rosen<br>Rosen & Dolan, P.C.<br>400 Orange Street<br>New Haven, CT 06511 |

THIS the 27th day of August 2004.

　　　　　　　　　　　　/s/ James A. Lenes　　　　　　　　
　　　　　　　　　　James A. Lenes (Federal Bar #10408)