IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI



GEORGE DALE, COMMISSIONER
OF INSURANCE OF THE STATE OF
MISSISSIPPI                                                                                           PETITIONER

VS.                                                                        CIVIL ACTION NO. G99-907 S/2

FRANKLIN PROTECTIVE LIFE
INSURANCE COMPANY
A Mississippi Domiciled Insurance Company                             RESPONDENT

## ORDER OF REHABILITATION

The Court enters this Order on Petition of George Dale, Commissioner of Insurance for the State of Mississippi ("Commissioner" or "Petitioner") for the conservation and complete management of all assets and affairs of Franklin Protective Life Insurance Company ("FPLIC" or "Company" or "insurer"). It appearing to the Court that the management of Franklin Protective Life Insurance Company is unable to substantiate to the Commissioner of Insurance of the State of Mississippi the asset capitalization that it has claimed in communications submitted to the Mississippi Department of Insurance, and further, that this rehabilitation is in the best interest of FPLIC, its policyholders and the public, IT IS HEREBY ORDERED as follows:

I.

This Order of Rehabilitation ("Rehabilitation Order") is entered into pursuant to the provisions of Miss. Code Ann. § 83-24-1 et seq. (Rev. 1991).

II.

George Dale, as Commissioner of Insurance of the State of Mississippi, is hereby appointed Rehabilitator of Respondent, Franklin Protective Life Insurance Company, with all the powers and immunities set forth in Miss. Code Ann. § 83-24-1 et seq. The Rehabilitator shall take possession of the assets of the insurer and manage them under the general supervision of the court. By operation of law, title to all assets of FPLIC is hereby vested in the Rehabilitator.

III.

The Rehabilitator may appoint a Deputy Rehabilitator. The Deputy Rehabilitator shall have all powers and responsibilities of the Rehabilitator granted by this Order and all such authority as conferred by operation of law. The Commissioner retains the right to substitute another person as Deputy Rehabilitator as he may deem necessary. The compensation of any Deputy Rehabilitator shall be fixed by the Commissioner with approval of the Court, and shall be paid from the funds of FPLIC. The person appointed by the Commissioner pursuant to this paragraph shall serve at the pleasure of the Commissioner as set forth at Miss. Code Ann. § 83-24-27(1). The Rehabilitator and Deputy Rehabilitator shall have all constitutional and statutory immunities.

IV.

FPLIC, its officers, directors, agents, stockholders, employees, and all other persons are hereby enjoined and restrained from the transaction of any of the business of FPLIC. Further, FPLIC, its officers, directors, agents, stockholders, employees, and all other persons are hereby enjoined and restrained from transferring or disposing of FPLIC assets, property, books, records, electronic media or other information, wherever located (without the express permission of the

Rehabilitator), wasting FPLIC assets, or transferring or dissipating any of FPLIC's assets or bank accounts.

V.

Any court in this state before which any action or proceeding in which FPLIC is a party, or is obligated to defend a party, is pending when this Rehabilitation Order against FPLIC is entered shall stay the action or proceeding for 90 days and such additional time as is necessary for the Rehabilitator to obtain proper representation and prepare for further proceedings. The Rehabilitator shall take such action respecting the pending litigation deemed necessary in the interest of justice and for the protection of creditors, policyholders, and the public. During this 90 day stay, and such additional time as determined necessary by the Court, all persons are enjoined and restrained from the institution or prosecution of any actions or proceedings.

VI.

The Rehabilitator shall immediately consider all litigation pending outside this state and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer.

VII.

Pursuant to Miss. Code Ann. § 83-24-13 (Rev. 1991) all officers, directors, agents, and employees of Respondent, FPLIC, are hereby ordered to make available to the Rehabilitator all books, accounts, documents, electronic media, or other records or information or property pertaining to FPLIC, wherever located, including any books, accounts, documents or other records or information or other property of FPLIC in the possession of accountants, accounting firms,

3

investment advisors, or any person or entity with which FPLIC has a contract for services or has provided services to FPLIC.

## VIII.

If it appears to the Rehabilitator that there has been criminal or tortious conduct, or breach of any contractual or fiduciary obligation detrimental to the insurer by any officer, manager, agent, broker, employee, or other person, all appropriate legal remedies may be pursued on behalf of the insurer.

## IX.

All insurance agents, agencies, brokers, banks, security dealers, service providers and all other persons are hereby ordered to account to the Rehabilitator for all funds of FPLIC held by them in their fiduciary capacity or due to FPLIC. As said funds are vested in the Rehabilitator as provided by law, it is Ordered that such funds be directed and forwarded by such insurance agents, agencies, brokers, banks, security dealers, service providers and all other persons to the Rehabilitator.

## X.

The Rehabilitator is hereby authorized to take any and all action he deems necessary or appropriate to reform and revitalize FPLIC. He shall have all the powers of the directors, officers, and managers whose authority shall be suspended, except as they are redelegated by the Rehabilitator. He shall have full power to direct and manage, hire and discharge employees subject to any contract rights they may have, and deal with the property and business of the insurer.

XI.

The Rehabilitator is hereby authorized to void and set aside all fraudulent or improper transfers made or obligations incurred by FPLIC, as defined by Miss. Code Ann. § 83-24-27(6) (Rev. 1991).

XII.

The Rehabilitator, in accordance with Miss. Code Ann. § 83-24-1 et seq. and the limitations set forth therein, is hereby authorized to recover on behalf of the insurer the amount of any improper, unauthorized or fraudulent distributions.

XIII.

The Rehabilitator, pursuant to the authority under Miss. Code Ann. § 83-24-1 et seq., is hereby authorized to examine the affairs, transactions, accounts, records, documents, and other assets of FPLIC, its parent, subsidiaries, and affiliates to determine whether any dividends or other distributions made by FPLIC to its parent, subsidiaries, or affiliates are recoverable under Miss. Code Ann. § 83-24-1 et seq.

XIV.

All reasonable expenses of any litigation, including attorney's fees and costs incurred by the Rehabilitator, now or in the future, related to or arising out of this rehabilitation shall be paid out of the funds or assets of FPLIC or pursuant to assessments authorized by Miss. Code Ann. § 83-24-27 (Rev. 1991).

XV.

FPLIC's directors, officers, employees, or other authorized representatives may not take any action which might lessen the value of FPLIC assets or prejudice the rights of policyholders,

creditors, or shareholders, or the administration of this proceeding, including but not limited to solicitation of offers and negotiation of terms for the purchase of FPLIC or FPLIC's policyholders without the express permission of the Rehabilitator.

XVI.

FPLIC, its officers, directors, agents, stockholders, employees, and all other persons are hereby enjoined and restrained from interfering with the Rehabilitator other than through Petition of this Court.

XVII.

The Commissioner is relieved from giving bond and he shall be allowed his expenses related to this action, including without limitation, examination, expert, and attorney's fees, from FPLIC funds pursuant to Miss. Code Ann. § 83-24-27 (Rev. 1991). The Rehabilitator may employ such clerks, assistants and clerical help as necessary, and the compensation of such clerks, assistants, and clerical help shall be paid from the funds of FPLIC pursuant to Miss. Code Ann. § 83-24-27 (Rev. 1991).

XVIII.

The Rehabilitator shall report to the Court regarding the status of the rehabilitation at such intervals as the court specifies from the date of this Rehabilitation Order, and provide an accounting to this Court on a semi-annual basis, pursuant to Miss. Code Ann. § 83-24-25(2) (Rev. 1991).

XIX.

This Court shall retain exclusive jurisdiction, as provided in Miss. Code Ann. § 83-24-25(1) (Rev. 1991), to determine all suits or motions related to the enforcement of this Order or any litigation related to FPLIC or the Rehabilitator and his deputies, agents, employees, or

representatives, which shall be determined in this rehabilitation proceeding; provided further that this proceeding including all petitions, orders and other filed papers shall be considered public records until further order of this court otherwise providing.

This Order of Rehabilitation is entered this __10th__ day of May, 1999.

**SO ORDERED** this __10th__ day of May, 1999.

*William Singletary*
Chancellor
First Judicial District, Hinds County, Mississippi

PRESENTED BY:

*Lee Harrell — by permission D.S.*
Lee Harrell
Special Assistant Attorney General
Chief Legal Counsel for Mississippi Department of Insurance
Post Office Box 79
Jackson, Mississippi 39205
601/359-3577
Miss. Bar No. 8957

*Dave Scott*
Dave Scott
Special Assistant Attorney General
Attorney for Mississippi Department of Insurance
Post Office Box 79
Jackson, Mississippi 39205
601/359-3577
Miss. Bar No. 8765

Agreed to By Bd. of Directors
FPLIC, on behalf of:
*[signature]*, Attorney
for Brandy Director