STATE OF ARKANSAS
Pulaski County Circuit and County Clerk
Office of the Circuit and County Clerk

## CERTIFICATION OF AUTHENTICATION

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, Pat O'Brien, Clerk of the Circuit Court of Pulaski County, Arkansas, the same being a County of record, do hereby certify that the attached _Injunction and Order_ contain a true and correct copy as the same appears from the records and files of my office in the cause of _Mike Pickens, Insurance Commissioner_ Plaintiff, vs. _Old Southwest Life Insurance_ Defendant

Case Number _CV 99-4541_.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court this day:_____.

_____
Clerk of the Circuit and County Court

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, _Barry Sims_, Circuit Judge of the Sixth Judicial Circuit within the County and State aforesaid, do hereby certify that Pat O'Brien, whose name is subscribed to the foregoing certificate is the Circuit and County Clerk duly elected, commissioned, qualified, and acting under our laws as the legal custodian of the records of said Court and that he is the proper officer to make said certificate and that said certificate is in due form of law and that his acts as such clerk are entitled to full faith and credit.

IN TESTIMONY WHEREOF, I have hereunto set my hand as Judge of the Circuit Court of Pulaski County, State of Arkansas, this day:

1-27-05
_____
Date                                   Circuit Judge

STATE OF ARKANSAS)
COUNTY OF PULASKI)

I, Pat O'Brien, Circuit Clerk within and for the County and State aforesaid, do hereby certify that Judge _Barry Sims_, whose name is subscribed to the foregoing certificate, is the Judge of the Sixth Judicial Circuit of Arkansas, of which Pulaski County is a part, and that his acts are entitled to full faith and credit and that said certificate is in due form of law.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the said Court of Pulaski County, Arkansas, this day:_____.

EXHIBIT 7

_____
Clerk of the Circuit and County Court

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

SEVENTH DIVISION

| | | |
|---|---|---|
| MIKE PICKENS, INSURANCE COMMISSIONER<br>FOR THE STATE OF ARKANSAS | | PETITIONER |
| VS. | NO. CV99-4541 | |
| OLD SOUTHWEST LIFE INSURANCE<br>COMPANY, AN ARKANSAS DOMICILED COMPANY | | RESPONDENT |

### PERMANENT INJUNCTION AND ORDER
### APPOINTING PERMANENT RECEIVER

On this day comes on to be heard the Petition for Appointment of Receiver filed by Mike Pickens, Insurance Commissioner for the State of Arkansas. Petitioner appeared by and through his attorney, Steve A. Uhrynowycz. Respondent, Old Southwest Life Insurance Company, appeared not, although served with the Petition and Temporary Order which included an Order to appear to show cause why the Temporary Order should not be made permanent. The Court, being well and sufficiently advised in the premises, enters the following:

I.

FINDINGS

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. Petitioner, Mike Pickens, is the duly appointed Insurance Commissioner for the State of Arkansas.

3. The assets of Respondent have been removed from Arkansas in violation of Ark. Code Ann. §23-69-134(c) and the parent company of Respondent, Franklin American Life Insurance Company, has been placed into rehabilitation in Tennessee. Respondent is in such condition that its further transaction of business is hazardous financially to the policyholders and creditors of Respondent.

II.

## APPOINTMENT OF RECEIVER

It is hereby ordered that Mike Pickens, the duly appointed Insurance Commissioner for the State of Arkansas, be and hereby is appointed Receiver of Respondent, OLD SOUTHWEST LIFE INSURANCE COMPANY, and is hereby granted and given all powers and authority under any and all statutes and under the common law of this State authorizing the appointment of a Receiver, including but not limited to the following duties and powers:

1. The Receiver is authorized and directed to take possession of all property and assets of Respondent as described herein, of whatever nature and wherever located, or which directly or indirectly relate to the business of Respondent, including, but not limited to, any statutory or special deposits made by or for Respondent with any officer or agency of any state or the federal government, banks, savings and loan associations and other depositories, and any and all bank deposits, accounts, collateral or the contents of any safe deposit boxes in the name of or belonging to Respondent, and to take charge of and possession of the offices of Respondent and any books and records in the possession of or belonging to Respondent concerning or related to Respondent's business of insurance.

2. The Receiver is hereby granted and given all equitable powers and authority under any and all statutes and under the common law of this State authorizing the appointment of a receiver, and particularly all of the powers granted in Ark. Code Ann. §23-68-101, et seq., and as representative of Respondent, its policyholders, claimants and creditors, to preserve, protect and recover any assets or property of Respondent, including claims or causes of action belonging to, or that may be asserted by, Respondent.

3. The Receiver is further authorized and directed to file, prosecute and

defend or settle any suit or suits heretofore filed or which may hereafter be filed by or against Respondent deemed by said Temporary Receiver to be necessary to protect any of the interested parties or any property affected thereby, and to preserve all property and assets of Respondent.

4. The Receiver is empowered to conduct the business of Respondent, to administer the operations of Respondent, and to employ and authorize the compensation of legal counsel, accountants, financial examiners, clerks and such assistants as he deems necessary, and to authorize the payment of the administrative expenses of the receivership estate, to be paid out of the funds or assets of Respondent.

5. Steve A. Uhrynowycz is hereby appointed Deputy Receiver of Respondent.

6. It is ORDERED that the Receiver appointed herein, shall be authorized to supervise, dismiss or exclude from the offices of Respondent any or all of the employees, officers, owners, and/or directors of Respondent, and to employ such necessary employees, and to pay their salaries, benefits and related reasonable and necessary fees out of the funds or assets of Respondent, as he deems necessary in the performance of his duties.

7. It is ORDERED that the Receiver appointed herein shall be authorized to receive, collect, control, open and review all mail addressed in any manner to Respondent.

8. It is ORDERED that the Receiver appointed herein shall be authorized to take possession of the offices of Respondent and to take possession of and remove all books and records which relate to or are connected with the business of Respondent or which belong to or are in the possession of Respondent.

IT IS FURTHER ORDERED that this Order directing the Receiver to take possession of the affairs and assets of Respondent shall continue in full force and effect until further Order of this Court.

III.

<u>INJUNCTION</u>

A Permanent Injunction against the following named persons and entities is hereby issued:

> TO OLD SOUTHWEST LIFE INSURANCE COMPANY; ITS OFFICERS, OWNERS, DIRECTORS, AGENTS, EMPLOYEES, SERVANTS, ATTORNEYS, ATTORNEYS IN FACT, REPRESENTATIVES, STOCKHOLDERS, THIRD PARTY ADMINISTRATORS, ADJUSTERS, MEMBERS, TRUSTEES, POLICYHOLDERS, MANAGERS, ASSOCIATES, AND THOSE OTHERS ACTING IN CONCERT WITH OLD SOUTHWEST LIFE INSURANCE COMPANY:

YOU AND EACH OF YOU are hereby ENJOINED AND RESTRAINED from:

1. Doing, operating and conducting Respondent's business of insurance or any other business of Respondent, under any charter, certificate of authority, license, or permit, belonging to or heretofore issued to Respondent, except as authorized by the Receiver or by order of this Court;

2. Wasting, disposing of, using, transferring, selling, assigning, canceling, hypothecating or concealing, in any manner, any books, records, money, accounts, stocks, bonds, assets, notes, equipment, funds, accounts receivables, policies of insurance or other property of Respondent, wherever situated, including any claims or causes of action, owned by, in the possession of or claimed by Respondent;

3. Disposing of any account, debt, deposit, share account, trust account, or any other asset you may own, owe to, or hold for the benefit of the Respondent, or any account held individually, jointly or severally for Respondent, whether such account, debt, deposit, share account, trust account, or any other asset is owned or held in the name of or for the benefit of

Respondent, or under any other name;

4. Removing from the jurisdiction of this Court, or from Respondent's place of business, any office equipment, furniture, fixtures, books, records or other property, of any kind or nature, wherever located, including but not limited to that which has been acquired, purchased or paid for by Respondent, all of which property is hereby placed in <u>custodia</u> <u>legis</u> under these provisions;

5. Interfering, in any way, with the lawful acts of the Receiver, or with these proceedings, and from commencing or prosecuting any action or appeal, including but not limited to arbitration, or from obtaining any preference, judgment, attachment, garnishment or other lien, or the making of any levy against Respondent, its assets or any part thereof and from asserting any claims against Respondent, or against the Receiver thereof, except by doing so in the receivership proceedings herein;

6. YOU AND EACH OF YOU ARE FURTHER SPECIFICALLY ENJOINED AND RESTRAINED from interfering with any effort to determine the nature, amount and location of any and all assets, books and records of Respondent, and you are further ordered to immediately surrender all such property to the Receiver or his agents.

> TO ANY AND ALL BANKS, SAVINGS AND LOAN ASSOCIATIONS, TRUST COMPANIES, CREDIT UNIONS, OR ANY OTHER DEPOSITORY INSTITUTIONS AND ALL OTHER PERSONS, FIRMS, CORPORATIONS, ASSOCIATIONS, OR OTHER LEGAL ENTITIES:

YOU AND EACH OF YOU are hereby DIRECTED against:

1. Disposing of, using, releasing, transferring, withdrawing, allowing to be withdrawn or concealing in any manner, any property or assets of Respondent, or from disposing of any account, debt, deposit, share account, trust account or any other asset that you may own,

owe to or hold in the name of or for the benefit of Respondent, or any account, debt, share account, trust account or any other asset, whether owned or held individually, jointly or severally for Respondent, except as authorized by the Receiver or by order of this Court;

2. Transacting the business of Respondent in any manner except as authorized by the Receiver or by order of this Court;

3. Interfering, in any way, with the lawful acts of the Receiver, or with these proceedings, and from commencing or prosecuting any action or appeal, including but not limited to arbitration, or from obtaining any preference, judgment, attachment, garnishment or other lien, or the making of any levy against Respondent, its assets or any part thereof, and from asserting any claim against Respondent, or against the Receiver thereof, except by doing so in these proceedings;

4. Doing anything, directly or indirectly, to prevent the Receiver from gaining access to, acquiring, examining or investigating any books, documents or records concerning Respondent, its affairs or assets, regardless of the name under which such assets, documents or records may be filed or wherever such books, documents or records may be found, such books, documents and records to include but not be limited to, records of banks, savings and loan associations, trust companies, or any other persons, firms, corporations, associations, depositories, or other legal entities, as well as bank accounts, or any other assets into which have been transferred, deposited, or placed, funds or other assets belonging to or payable to Respondent, or to which Respondent may have claim or title regardless of under what name such bank accounts, debts, deposits, share accounts, safe deposit boxes, trust accounts or other assets are held.

YOU AND EACH OF YOU ARE FURTHER DIRECTED against interfering in any way

with the lawful acts of the Receiver who has been appointed herein, or from disposing of, converting, dissipating, or concealing in any manner any of the assets, books, property, records, or reports of Respondent.

YOU AND EACH OF YOU ARE FURTHER ORDERED to immediately surrender to the Receiver or his designated agents all property, assets, books and records of Respondent. The Court further specifically finds and orders that the Receiver is vested by operation of law with title to the rights of the Respondent as the customer of any financial institution.

IV.

OTHER ORDERS

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Receiver shall receive and take possession of all assets of Respondent on deposit with any state or federal agency.

IT IS FURTHER ORDERED that the appointment of the Petitioner as Receiver shall continue in full force and effect until further order of this Court, and that the Receiver may at any time apply to this Court for such further instructions as he deems necessary and appropriate with regard to the performance of his duties.

SIGNED AND ENTERED this 4th day of June, 1999.

_____
CIRCUIT JUDGE

DOCKETED

JUN 0 4 1999

CAROLYN STALEY
PULASKI CIRCUIT COUNTY CLERK