




**U.S. Department of Justice**

United States Attorney
District of Connecticut

---

Brien McMahon Federal Building  (203) 696-3000
915 Lafayette Boulevard, Room 309
Bridgeport, Connecticut 06604
                                  Fax (203) 579-5550

May 10, 2002

Jeremiah Donovan, Esquire
123 Elm Street
Old Saybrook, Connecticut 06475

      Re: <u>United States v. Martin R. Frankel</u>
         Criminal No. 3:99CR235(EBB)

Dear Mr. Donovan:

    This letter confirms the plea agreement entered into between your client, Martin R. Frankel, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

<u>The Plea and Offenses</u>

    The defendant agrees to plead guilty to counts One through Twenty, Forty-Five, Forty Six, Forty Seven and Forty Eight of the indictment. He is charged in those counts as follows:

    Counts 1-20:  Wire Fraud in violation of 18 U.S.C. §1343
    Count 45:    Securities Fraud in violation of 15 U.S.C. § 78j(b)
    Count 46:    Racketeering in violation of 18 U.S.C. §1962(c)
    Count 47:    Racketeering conspiracy in violation of 18 U.S.C. §1962(d)
    Count 48:    RICO Forfeiture

The defendant understands that in order to be guilty of these offenses the following essential elements of the offenses must be satisfied:

Counts 1-20: Wire Fraud

    a.  There was a scheme or artifice to defraud various insurance companies of money, property and/or the intangible right of honest services;

    b.  The defendant participated in the scheme with knowledge of its fraudulent nature and with the intent to defraud the insurance companies of money, property and/or the intangible

**EXHIBIT 10**

Jeremiah Donovan, Esquire
— Page 2 —

    right of honest services;

    c. The money, property and/or the deprivation of honest services were the objects of the scheme;

    d. In furtherance of the scheme, the defendant caused the use of interstate wire communications, specifically wire transfers of funds indicated in each count.

Count 45: Securities Fraud

    a. In connection with the purchase or sale of securities, the defendant did any one or more of the following;

        1. Employed a device, scheme or artifice to defraud;

        2. Made an untrue statement of a material fact or omitted to state material fact which made what was said, under the circumstances misleading, and/or

        3. Engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of securities;

    b. The defendant acted willfully, knowingly and with the intent to defraud;

    c. The defendant knowingly used or caused to be used any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

Count 46: Racketeering

    a. The existence of an enterprise, as detailed in the indictment, the activities of which affected interstate commerce;

    b. The defendant was employed by or associated with the enterprise;

    c. The defendant engaged in a pattern of racketeering activity, to include acts of wire fraud, securities fraud and money laundering; and

    d. The defendant participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity, to include acts involving wire fraud, securities fraud and money laundering.

Jeremiah Donovan, Esq.
— Page 3 —

Count 47:  Racketeering Conspiracy

    a. A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate or foreign commerce through a pattern of racketeering activity, which included acts involving wire fraud and money laundering.

    b. The defendant knowingly and intentionally became a member of the conspiracy by agreeing to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity, including acts involving wire fraud and money laundering.

The Penalties

    The maximum penalties that could be imposed for these offenses are as follows:

    For wire fraud (counts 1 - 20), the maximum term of imprisonment is 5 years on each count with a possible fine of $250,000. For securities fraud (count 45), the maximum term of imprisonment is 10 years with a possible fine of $1,000,000. For racketeering (count 46), the maximum term of imprisonment is 20 years with a possible fine of $250,000. For racketeering conspiracy (count 47), the maximum term of imprisonment is 20 years with a possible fine of $250,000. Upon a guilty plea to count 48, the forfeiture count, the court may order forfeiture of assets up to the amount identified in the Indictment, $88,186,685.00.

    In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years on each count, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to 2 years with no credit for the time already spent on supervised release.

    The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

    In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, in this case $2,300.00. The defendant agrees to pay the special assessment at sentencing.

    Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part

Jeremiah Donovan, Esq.
– Page 4 –

of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Any order of restitution shall be due and payable upon entry of the judgement.

In addition to any restitution that may be ordered by the Court, the defendant acknowledges that the government will be seeking the entry of a restitution order in the amount of $208,000,000 in favor of the victims of his criminal conduct.

Financial Disclosure and Forfeiture

The defendant agrees to fully and completely disclose to the United States Attorney's Office all funds and assets obtained or transferred by himself and others as a result of the criminal conduct to which he is pleading guilty and any related criminal conduct. The defendant agrees to cooperate fully with the United States Attorney's Office government in the identification, seizure and recovery of such assets obtained or transferred by himself and others in the course of or as a result of all such activity. This assistance includes but is not limited to performing whatever acts are necessary to identify, seize and/or repatriate assets held within and outside the United States.

The defendant further agrees that he will not make any claim which is adverse to the government in any forfeiture proceedings and related civil proceedings that have been or may be instituted against any assets obtained by or traceable to the criminal activity which forms the basis for the charges in this matter.

Sentencing Guidelines

1. Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than

Jeremiah Donovan, Esq.
— Page 5 —

he anticipated.

### 2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section 3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline section 3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3. Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by the statute.

### 4. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case with the United States Probation Office and will provide the Probation Officer with access to its files, with the exception of grand jury material.

## Waiver of Rights

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

Jeremiah Donovan, Esq.
– Page 6 –

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) or not otherwise barred under the terms of the Extradition Order entered in this matter pursuant to the Treaty between the United States and the Republic of Germany may be commenced or reinstated against defendant notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Acknowledgement of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case other than the single potential conflict that was the subject of a hearing before the District Court on May 10, 2002, and which has been resolved by the findings of the Court and the agreement of the defendant, undersigned counsel and the government.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that the Government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the racketeering activities and associated fraudulent activities which form the basis of the indictment in this case. After sentencing, the Government will move to dismiss counts 21-33 of the indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. The defendant, however, will not be permitted to withdraw his plea of guilty.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

Jeremiah Donovan, Esquire
— Page 8 —

  This letter shall be presented to the Court, in open court, and filed in this case.

                Very truly yours,

                JOHN H. DURHAM
                COUNSEL TO THE UNITED STATES ATTORNEY

                KARI A. DOOLEY
                ASSISTANT UNITED STATES ATTORNEY

                MARK G. CALIFANO
                ASSISTANT UNITED STATES ATTORNEY

  The defendant certifies that he has read this plea agreement letter and its attachment or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts the terms thereof.

_____       MAY 10, 2002
Martin R. Frankel             Date
The Defendant

  I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____       May 10, 2002
Jeremiah Donovan, Esquire          Date
Attorney for the Defendant